UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 23-cr-00237-CJN |
| JAY JAMES JOHNSTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT JAY JAMES JOHNSTON'S RESPONSE TO
THE GOVERNMENT'S MOTION FOR A PRETRIAL SCHEDULE**

Although, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* [*v. Maryland*, 373 U.S. 83 (1963),] did not create one, *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (2020) ("DPPA"), statutorily affirmed the prosecutor's discovery obligations in criminal cases. Among other things, prosecutors have a duty to disclose evidence that is favorable to a defendant, which is either exculpatory or impeaching and is material to either guilt or punishment, regardless of whether the defendant requests the information. *See United States v. Agurs*, 427 U.S. 97, 110-11 (1976). Indeed, courts in this District have emphasized a "broad obligation" of the government to disclose favorable evidence even without any consideration for its materiality "as soon as reasonable possible after its existence is known." *See e.g.*, *United States v. Sutton*, No. 21-0598-01 (PLF), 2022 U.S. Dist. LEXIS 117269, at *25 (D.D.C. July 1, 2022) (finding that the government failed to meet its discovery disclosure obligations even where it doubted the veracity of the witness's statements by withholding disclosure of the statements' existence to the defense until *after* it explored the statements' credibility rather than advising the defense of the existence of the statements *at the time* they became known *and then* proceeding with investigation of that statement thereafter); *see also Cone v. Bell*, 556 U.S. 449, 470 n.15 ("[T]he prudent prosecutor

1

will err on the side of transparency, resolving doubtful questions in favor of disclosure."), cited in *Sutton*, 2022 U.S. Dist. LEXIS 117269, at *25.

Specifically, as amended by the DPPA, Rule 5(f) of the Federal Rules of Criminal Procedure, the District Court must, at the first scheduled court date where both the prosecution and defense counsel are present, "issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." In addition, the DPPA further directed each district to promulgate a local rule intended to memorialize prosecutorial discovery obligations under Rule 5(f), which inevitably foments the importance of prosecutorial disclosure obligations in criminal proceedings. *See* Sec. 2(f)(2) of the DPPA. To that end, this Court's local rules require expeditious disclosure of the government's discovery, providing that

> [b]eginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.

LCrR 5.1(a).

The types of information subject to disclosure per LCrR 5.1 includes, *but is not limited to* information "inconsistent with or tends to negate the defendant's guilt as to any element, including identification"; information that "tends to mitigate the charged offense(s) or reduce the potential penalty"; information that "tends to establish articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s)"; information that" "casts doubt on the credibility or accuracy of evidence, including witness testimony the government anticipates using in its case-in-chief at trial"; and various forms of impeachment information. *See* LCrR 5.1(b). To the extent

that the government fails to comply with its discovery obligations under this Court's local rules, the Due Process Protections Act, and the Federal Rules of Criminal Procedure, this Court's local rules provides that not only may the Court order the production of information, that it may also "specify the terms and conditions of such production; grant a continuance; impose evidentiary sanctions; or enter any other order that is just under the circumstances." LCrR 5.1(g). Finally, Local Rule 5.1(f) provides that: "The Court may set specific timelines for disclosure of any information encompassed by this rule."

In its proposed scheduling order, *see* Mot. (Dec. 22, 2023) (ECF No. 93),[1] the government recommends that, "Jencks materials, grand jury materials, *Brady* materials, and 404(b) Notice" be provided no later than June 24, 2024, just twenty-one (21) days in advance of trial and nearly a year after the initial indictment in this matter was returned. Moreover, the manner in which the government describes the material its required to produce is underinclusive. This extended timeline and underinclusive categorization of records explicitly contradicts Congress's and this Court's interests in preserving judicial due process and ensuring a fair trial. Accordingly, Mr. Johnston respectfully requests the Court include a deadline for the production of discovery consistent with the mandate of the DPPA, Rule 5(f) of the Federal Rules of Criminal Procedure, and Local Rule 5.1 of this Court's Local Rules of the Federal Rules of Criminal Procedure.

The only question is what deadline the Court should impose – as the scope of discovery to be produced should be consistent with that delineated by Local Rule 5.1(b). Specifically, Local Rule 5.1(a) requires that, "the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after *its existence is known*." Here, the

---

[1] Other than a deadline for the production of discovery, Mr. Johnston does not oppose the government's proposed deadlines.

3

facts and circumstances of this case warrant the Court requiring the government to complete its disclosure of discovery in this case well advance of the July 15, 2024 trial date that has now been set. Specifically, the offenses with which Mr. Johnston have been charged all occurred three years ago. And although the government has no affirmative duty to discover information which it does not possess, *see United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975), *cert. denied*, 425 U.S. 905 (1976)), "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." *Carey v. Duckworth*, 783 F.2d 875, 878 (7th Cir. 1984). Moreover, a prosecutor must disclose information of which it has knowledge and access, *see United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989), and a prosecutor's duty to search extends beyond merely a specific case's file. *See United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) ("The cases *finding a duty to search* involved files maintained by branches of government 'closely aligned with the prosecution.'" (emphasis added) (quoting *United States ex rel. Fairman*, 769 F.2d 386, 391 (7th Cir. 1985)).

Again, the facts and circumstances of this case are unique. The government is presumed to be in possession of all the discovery it could possibly consider using at Mr. Johnston's trial. Mr. Johnston therefore respectfully submits that the Court order that any discovery the government intends to use at Mr. Johnston's trial be disclosed no later than seventy (70) days following the entry of the Court's scheduling Order. Seventy (70) days is reasonable insofar as the Speedy Trial Act required the government to be prepared to proceed to trial as against Mr. Johnston within seventy (70) days of its indictment of him. *See* 18 U.S.C. § 3161(c)(1). And, practically, the government should have been prepared to proceed to trial as against Mr. Johnston *when* it sought the return of an indictment against him.

4

## **CONCLUSION**

For the reasons stated above, Defendant Johnston respectfully requests that this Court set a discovery deadline within seventy (70) days of the issuance of the Court's scheduling order in this matter.

[SIGNATURE ON NEXT PAGE]

Dated: January 5, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*s/ Stanley E. Woodward, Jr.*
　　　　　　　　　　　　　　　　　　Stanley E. Woodward, Jr. (DC Bar No. 997320)
　　　　　　　　　　　　　　　　　　Brand Woodward Law, LP
　　　　　　　　　　　　　　　　　　400 Fifth Street NW, Suite 350
　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　202.996.7447 (telephone)
　　　　　　　　　　　　　　　　　　202.996.0113 (facsimile)
　　　　　　　　　　　　　　　　　　stanley@brandwoodwardlaw.com

　　　　　　　　　　　　　　　　　　*Counsel for Defendant Jay James Johnston*

## CERTIFICATE OF SERVICE

On January 5, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Jay James Johnston*