UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) Criminal No. 1:23-cr-00237 |
| v. | ) |
|  | ) |
| JAY JAMES JOHNSTON, | ) |
|  | ) |
| Defendant. | ) |

**DEFENDANT JAY JAMES JOHNSTON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE SUPERSEDING INDCITMENT FOR FAILURE TO STATE A CLAIM**

18 U.S.C. §§ 231(a)(3), 2, 1752(a)(1), 1752(a)(2) and 40 U.S.C. 5104(e)(2)(E) are unconstitutionally vague.

First, and with respect to the Count Two of the Superseding Indictment under which Mr. Johnston is charged with violations of 18 U.S.C. § 111(a)(1), the government impermissibly draws factual conclusions insofar as Mr. Johnston's conduct at the events of January 6th.  These factual assertions, however, should be disregarded as they are question to be left for the fact finder.  *See* Fed. R. Crim. P. 12(b)(3) (providing that where there are defects in the indictment such "requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits.").  In claiming that Mr. Johnston was allegedly engaged in "physically pushing against the officers in an effort to breach the entrance to the U.S. Capitol" such that he was "clearly battling officers," Opp'n at 13 (Apr. 3, 2024) (ECF No. 118), the government makes several factual assertions throughout their opposition to support their legal points in rebuttal as to Mr. Johnston Motion to Dismiss Counts One, Three, and Four of the Superseding Indictment.  Because such factual conclusions may neither be drawn by the government, not brought at this point in the proceedings, the Court should disregard their assertions in assessing the merits of this Motion's briefing.

1

Second, and with respect to Count One of the Superseding Indictment under which Mr. Johnston is charged for his alleged violations of 18 U.S.C. § 231(a), the government rejects that the phrase, "incident to and during the commission of a civil disorder" is not unconstitutionally vague. Opp'n at 13 (Apr. 3, 2024) (ECF No. 118). Instead, the government argues that Mr. Johnston's conduct "clearly falls within the ambit of Section 231." *Id.* at 14 (quoting *United States v. Nordean*, 579 F. Supp. 3d 28, 57 (D.D.C. 2021)), the government reasons that, "as applied to the particular facts at issue for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others." Opp'n at 14 (Apr. 3, 2024) (ECF No. 118). To support this notion, the government alleges that,

> [t]he January 6, 2021 attack on the United States Capitol was clearly a 'civil disorder,' not just some 'tumultuous public gathering' to which the police were called. . . there is no question that the defendants participated in the disorder through their actions at the Lower West Terrace tunnel. Tracking the statutory language, the Superseding indictment allege that they 'commit[ted] an act to obstruct, impede, and interfere with a law enforcement officer. Both defendants crossed into the restricted area, entered the Lower West Terrace tunnel where rioters were clearly battling officers, and physically pushed up against the officers in an effort to breach the entrance to the U.S. Capitol that the officers were defending. The defendants were not bystanders, they were active participants in a civil disorder.

*Id.*

The government's argument can only be understood to mean that simply because Mr. Johnston was present at the Lower West Terrace on January 6, 2021, that he *must* have been an active participant in the civil disorder. While Mr. Johnston's conduct is again a question to be left to the factfinder, this violence-by-presence theory has been rejected in this District. *See United States v. Tyng Jing Yang*, 2024 U.S. Dist. LEXIS 22938 at *12 (D.D.C. Feb. 9, 2024) (declining to reject the government's the application of U.S.S.G. § 4C1.1(a)(3) (adjustment for certain zero-

point offenders) on a violence-by-presence theory).  While the violence-by-presence theory in *Tyng Jing Yang*, concerned issues of sentencing, this Court rejected the government's argument that, "because '[e]very rioter, whether or not they personally engaged in violence or personally threatened violence, contributed to' the manifold harms of that day[,]" reasoning that the "inquiry turns on the actions of the defendant himself or herself, not the actions of others," which is ironically what the government posits here.  *See id.*  The Court's rejection of this violence-by-presence theory undermines the notion that Mr. Johnston "'does not have standing to bring a facial vagueness challenge' to Section 231(a)(3) because he failed to 'demonstrate that [the statute] is vague as applied to his conduct[,]" Opp'n at 14 (Apr. 3, 2024) (ECF No. 118).  To the contrary, such an application of the "guilt-by-presence" indicates that Section 231(a) is left open for interpretation and therefore, vague.

In addition to the foregoing, Mr. Johnston maintains his positions as Counts Three and Four of the Superseding Indictment as articulated in his Motion to Dismiss.

| | |
|---|---|
| Dated: April 12, 2024 | Respectfully submitted, |
| | *s/ Stanley E. Woodward, Jr.* |
| | Stanley E. Woodward, Jr. (DC Bar No. 997320) |
| | Brand Woodward Law, LP |
| | 400 Fifth Street NW, Suite 350 |
| | Washington, DC 20001 |
| | 202.996.7447 (telephone) |
| | 202.996.0113 (facsimile) |
| | stanley@brandwoodwardlaw.com |
| | |
| | *Counsel for Defendant Jay James Johnston* |

**CERTIFICATE OF SERVICE**

On April 12, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

   *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Jay James Johnston*