# EXHIBIT B



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C.  20530*

January 9, 2024

**VIA E-MAIL & USAFX**

Stanley Woodward
Brand Woodward Law, LP
400 Fifth Street, Northwest
Washington, DC 20001
stanley@brandwoodwardlaw.com

      Re:   *United States v. Jay James Johnston*
             Case No. 23-CR-237-1

Stanley:

     I am writing in response to your letter dated November 17, 2023, requesting discovery under Rule 16 of the Federal Rules of Criminal Procedure.

     **I.**      **The Government's General Objections**

     As a threshold matter, the government appreciates its constitutional and statutory obligations to disclose material under *Brady, Giglio,* and the Jencks Act, and has and will continue to make appropriate disclosures on an ongoing basis. The government believes it has met its obligations and will continue to do so. The government's provision of information in discovery or in response to this letter should not be interpreted as a concession that the material falls within the government's constitutional or statutory discovery obligations.

     The government objects to many of the requests contained in your letter. As you are aware, Rule 16 and *Brady* are limited to evidence that is "relevant" and/or "material" to a case. *See e.g.* Rule 16(a)(1)(A) ("Upon a defendant's request, the government must disclose to the defendant the substance of any *relevant* oral statement made by the defendant…") (emphasis added); Rule 16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect

1

and to copy … items, if the item is within the government's possession, custody, or control and (i) the item is *material* to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.") (emphasis added); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence *favorable to an accused* upon request violates due process where the evidence is *material* either to guilt or to punishment...")

A number of your requests exceed the bounds of discovery set out in these rules. First, the majority of your numerous requests are vague and seek information seemingly disconnected from the issues in the case. Courts have made clear that *Brady*, Rule 16 and other discovery rules are not levers to crack open the government's files and do not justify "fishing expeditions," "utter speculation," or "shots in the dark." "To be material the evidence must 'bear more than some abstract logical relationship to the issues in the case.'" *United States v. Slough*, 22 F. Supp. 3d 1, 5 (D.D.C. 2014) (quoting *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)). Additionally, the evidence must "be related to refutation of the government's case in chief and not to [the] establishment of an independent … bar to the prosecution." *United States v. Apodaca*, 287 F. Supp. 3d 21, 39 (D.D.C. 2017) (quoting *United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000). *See also Gray v. Netherland*, 518 U.S. 152, 168 (1996) ("[T]here is no general constitutional right to discovery in a criminal case, and *Brady*, which addressed only exculpatory evidence, did not create one."). Therefore, as set out below, the government objects to a number of your requests and asks that you make a showing that the materials requested are material or relevant to this case. *See United States v. Oseguera Gonzalez*, 507 F.Supp.3d 137, 168 (D.D.C. 2020) (C.J. Howell) ("If the government does not plan to rely on evidence in its case-in-chief, then to be entitled to access requested items, a defendant must show that the items are 'material to preparing the defense.'") (quoting Rule 16(a)(1)(E)(i)).

Additionally, the government objects to providing a "cross-reference" to the produced materials that is responsive to each of your numerous requests. The government has made eight case-specific discovery productions to you in the four months that this case has been pending. Several of those productions have included itemized indices that set out exactly what material is included in the productions. We have also made available to you all productions in global discovery, along with detailed letters outlining the materials produced. Thus, the government has already exceeded its obligations to identify the material produced to you.

Finally, the government objects to the extent your requests ask the government to create documents or evidence or to explain the government's intended use of evidence. For example, several of your requests not only ask for the production of existing evidence but ask the government to summarize, characterize or explain its anticipated use of evidence. In this way, these requests are similar to civil interrogatories under Rule 33, not criminal discovery requests which are limited to already existing evidence. Rule 16 is explicitly limited to materials that the government actually possesses. *See e.g. United States v. Cameron*, 672 F. Supp. 2d 133, 137 (D. Maine 2009) ("Rule 16(a)(1)(E) by its terms is directed to materials that the government actually possesses and does not apply to a document until it is created.") (citing *United States v. Amaya-Manzanares*, 377 F.3d 39, 42 (1st Cir. 2004)). Furthermore, documents or summaries created by

government counsel relating to the government's strategy are not discoverable. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996); *United States v. Sutton*, No. 21-CR-0598, 2022 WL 1183797, *5 (D.D.C. April 21, 2022).

## II. The Government's Responses to Defendant's Specific Requests

### a. Statements by the Defendant

We have produced or provided access to all materials responsive to this request. To the extent you believe that additional materials exist which are in the possession of the government that you have not received, please specify what those materials are, and we will endeavor to identify and produce them. To the extent the government identifies additional materials responsive to this request, it will produce them in advance of trial and by any deadlines set by the Court.

### b. Records relating to Defendant's Criminal History

We have produced or provided access to all materials responsive to this request. To the extent you believe that there are additional discoverable materials in the government's possession, custody or control, please specify what those materials are, and we will endeavor to identify and produce them. To the extent the government identifies additional materials responsive to this request, it will produce them in advance of trial and by any deadlines set by the Court.

### c. Documents and Tangible Objects Pursuant to Rule 16(a)(1)(E)

We have produced or provided access to all materials responsive to this request. To the extent you believe that additional materials exist which are in the government's possession, custody or control that you have not received, please specify what those materials are, and we will endeavor to identify and produce them. To the extent the government identifies additional materials responsive to this request, it will produce them in advance of trial and by any deadlines set by the Court.

### d. Subpoenas and Related Documents

The government has satisfied its constitutional and statutory discovery obligations with respect to this category of documents. If you believe there are discoverable materials that have not been produced, please identify those with specificity and provide an explanation as to their relevance and materiality.

### e. All Photographs or Video of the Lower West Terrace, the Tunnel and the West Plaza

The government has produced the photographs and video that it has identified to date depicting the defendant at the Lower West Terrace, the Tunnel and on the West Plaza on January 6, 2021, in its case-specific discovery productions. In addition, should the government seek to use

additional video or photographs of these areas at trial, it will provide them to you, along with other trial exhibits, in advance of trial. Additional photographs and video depicting these areas on January 6, 2021, are also available to you in global discovery and through open sources. As you undoubtedly know from your experience on January 6 cases, there is no automatic way for the government to identify "all" photographs or video in its holdings that depict the Lower West Terrace, the Tunnel, and the West Plaza.

To the extent your request seeks additional photographs or videos of these areas that do not depict the defendant, the government requests that you: (1) identify the provision of Rule 16 or any other legal authority that supports your request; and (2) provide an explanation of the relevance and materiality of the requested materials to this case.

### f. All Photographs or Video of Defendant

The government has produced or provided access to the videos and images of the defendant at the U.S. Capitol building on January 6, 2021, that it has identified to date and which it currently intends to use during its case-in-chief. To the extent we identify additional images of the defendant, we will produce those in advance of trial and according to deadlines set by the Court.

### g. Official Records of January 6, 2021

To the extent you are seeking demonstration permits and attachments, those items have been produced in global discovery and are available to you on Relativity. Specifically, those items were produced as part of Global Production No. 5 in October 2021.

To the extent your request seeks other "official records pertaining to the events of January 6, 2021," please: (1) identify the specific additional records that you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

### h. All Documents and Other Evidence Relevant to the Organization of Any Event

We are unable to respond to this request because it is vague. Please: (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

### i. Forensic Extractions of Mobile Devices Obtained by the Government Depicting Defendant

The government has provided you access to the forensic extractions of the defendant's mobile devices. You have requested the full images of these devices and FBI LA has provided you with a hard drive containing those materials. To the extent you believe you are missing any items

listed on the 1B/1D list previously provided to you, please identify those items specifically and we will reproduce those materials to you. We have also provided all records relating to any warrants for these devices, records of the forensic examination of the devices, and extraction files for the defendant's devices. Also, as described in global discovery letters, extractions of many other defendants' devices have been provided to you in global discovery.

To the extent your request seeks materials other than the materials outlined above, please (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

### j.  Social Media or Publicly Available Information Depicting the Defendant

As stated above, the government has produced all images and/or videos that it has identified depicting the defendant, including items it has identified from social media and other publicly available sources. To the extent the government identifies additional social media depicting the defendant, it will produce it by any deadline imposed by the Court and/or in advance of trial.

To the extent your request seeks "the scoped return of such materials from the source of the same," the government has already provided a considerable number of scoped returns to you in global discovery. To the extent you are requesting items not already produced to you, please: (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

### k.  All Video and Photographic Evidence in its Original, Unaltered Form

The government construes this request to seek either (1) hard-copy originals where the government received them in such form; or (2) where the government obtained videos or photographic evidence digitally, unaltered copies of that evidence. The government has provided all materials responsive to this request. To the extent the government identifies additional responsive materials, it will produce them in their original, unaltered form by any deadline imposed by the Court and/or in advance of trial. If there are particular videos or images that you believe have been altered, please identify them.

### l.  All Records Provided to the DOJ by the House Select Committee

Please: (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

5

### m. All Video and Photographic Evidence Shown to Defendant During Interviews

The government has provided materials responsive to this request. Additionally, the defendant's FBI BOLO photograph – photograph No. 247 – which was used by members of the public to identify the defendant, has been disclosed to you in discovery and is publicly available through the FBI's website.

To the extent you seek additional materials that have not already been produced to you, please: (1) specifically identify those materials; and (2) provide an explanation as to the relevance and materiality of those items.

### n. Records Relating to Officer D.H.

Records responsive to this request are being produced contemporaneous with this response. These materials are marked HIGHLY SENSITIVE under the protective order and should be treated accordingly.

The government objects to a blanket request for Officer D.H.'s personnel records. Please provide an explanation as to the relevance and materiality of these items in this case and identify the specific items within the file that you are requesting. In advance of trial, the government will produce any additional information required to comply with its Jencks and *Giglio* obligations regarding Officer D.H. if the government decides to call Officer D.H. as a witness. This would include, for example, discoverable information relating to past incidents relating to Officer D.H.'s bias or credibility, should such information exist.

### o. Warrants and Affidavits

All warrants and supporting affidavits obtained during the investigation of the defendant have been produced. Some warrants and affidavits have also been provided to you in global discovery.

To the extent your request seeks warrants and affidavits obtained in the investigation of other defendants, please specify: (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case.

### p. All Submissions to the FBI About the Defendant

The government has provided all discoverable materials responsive to this request that the government intends to use in its case-in-chief. To the extent the government identifies additional responsive materials that it intends to use at trial, it will produce them in their original, unaltered form by any deadline imposed by the Court and/or in advance of trial.

### q. Identification Evidence

The government has provided all discoverable materials responsive to this request that it intends to use in its case-in chief. To the extent you seek additional materials, please identify those materials with specificity and provide an explanation as to the relevance and materiality of the requested items.

The government objects to your request to the extent it asks the government to create additional evidence or provide information regarding the government's trial strategy.

### r. Reports of Investigation

The government has provided all discoverable materials responsive to this request. To the extent you seek additional materials, please identify those materials with specificity and provide an explanation as to the relevance and materiality of the requested items.

### s. Expert Notice and Disclosure

The government will provide written summaries of any expert testimony the government plans to use at trial according to the deadlines set by the Court and/or District Court Local Rules.

### t. Other Crimes Evidence

The government will provide notice of an intent to use evidence of other crimes by the defendant at trial pursuant by the deadlines set by the Court.

### u. *Brady* Materials

The government has provided all materials responsive to this request. To the extent the government identifies additional responsive materials, it will produce those materials reasonably promptly.

### v. Evidence Relating to the Charges in the Indictment

The government has provided all discoverable materials responsive to these requests. To the extent the government identifies additional responsive discoverable materials, it will produce those materials by the deadlines set by the Court and in advance of trial.

The government objects to these requests to the extent the requests require the government to create additional evidence or produce items related to the government's strategy.

### w. Evidence Related to Co-Defendants

The government anticipates producing relevant discovery relating to charged co-defendants in advance of trial. The government will also provide you an exhibit list and exhibits in advance of trial. In addition to the case-specific discovery provided, which includes evidence relating to individuals who entered the tunnel, global discovery includes additional materials relating to other individuals who entered the tunnel.

The government objects, however, to the extent your request seeks evidence relating to "*every* person alleged to have entered the Tunnel on January 6, 2021." This request appears to seek to have the government create information not currently available; *i.e.*, to identify every defendant alleged to have entered the Tunnel. Please specify: (1) identify the specific records you seek; (2) identify the provision of Rule 16 or any other legal authority that supports your request; and (3) provide an explanation of the relevance and materiality of the requested materials to this case. In addition, if there are specific individuals, beyond charged co-defendants, relating to whom you seek information, please identify those individuals, and the government will investigate further. As noted above, considerable information relating to January 6 cases against other defendants is available both in global discovery and through open-source media.

### x. Evidence of Uncharged Conduct

The government will comply with its obligations under Federal Rule of Evidence 404(b) to provide you with notice of prior bad acts by the defendant that it intends to introduce at trial. To the extent you believe additional disclosures are required, please specify the information requested and the legal authority supporting disclosure.

### III.   Government's Reciprocal Discovery Requests

On August 14, 2023, the government provided its initial discovery production to you. As part of that production, the government made a number of discovery requests. As of the date of this letter, the government has not received a response to those requests from you.

We request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. We also request that the government be permitted to inspect and copy relevant books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of the items covered by Rule 16(a)(1)(E) that are in defendant's possession, custody or control and that the defendant intends to use in his case-in-chief at trial. We also request that defendant disclose prior statements of any witnesses defendant intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). We request that such material be provided on the same basis upon which the government will provide defendant with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, we request that defendant provide the government with the appropriate written notice if defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

We will forward additional discovery as it becomes available. If you have any questions, please feel free to contact us.

Sincerely,

*/s/ Kaitlin Klamann*
KAITLIN KLAMANN
SEAN MCCAULEY
Assistant United States Attorneys

Encl:
Records relating to MPD Officer D.H.